IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ETHELOMA RENEE PERKINS,**

      **Plaintiff,**

vs.                                                               **Civil Action No. 1:16-06736**

**PRINCETON COMMUNITY HOSPITAL,**
**BEHAVIORAL HEALTH PAVILION,**
**DR. KERRY MUSICK, ANITA WAID,**
**DR. JEFFRY T. GEE, and**
**JENNY STULTZ,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Defendants' Motion to Dismiss (Document No. 16.) and accompanying Memorandum of Law in Support thereof (Document No. 17.), Plaintiff's Response (Document No. 23.), and Defendants' Reply. (Document No. 25.)

On July 28, 2016, Plaintiff, *pro se*, filed the instant action against Defendants in their "individual and official capacities" alleging numerous causes of action all of which allegedly arise out of the submission of a certain document, an OIC-WC1, to the West Virginia Workers' Compensation Bureau that contained alleged "false and misleading assertions" that caused Plaintiff's claim for Workers' Compensation benefits to be denied. (Document. No. 2.)[1]

Background of Suit

In her Complaint, Plaintiff alleged that she was employed at DISH Network for several

---

[1] This matter was referred to the undersigned for proposed findings and recommendation for disposition by standing order entered on July 28, 2016. (Document No. 4.) Plaintiff refiled her Complaint on August 5, 2016 (Document No. 6.) after she received a letter from the Clerk advising her of the requirement of payment of the filing fee and signature on the Complaint. (Document No. 5.) Plaintiff filed her Application to Proceed without Prepayment of Fees or Costs on August 5, 2016 (Document No. 7.); that day same was granted by the undersigned. (Document No. 8.)

years until a new employee hired created a hostile work environment for Plaintiff due to her gender and race. (Document Nos. 2 and 6 at 1-2.) Though Plaintiff reported the problem to her employer, no action was taken, and the situation grew worse causing Plaintiff to suffer from physical pains and mental stress. (Id. at 2.) Plaintiff's mental state deteriorated to the point that she became suicidal, and she was admitted on March 27, 2015 to Princeton Community Hospital's Behavioral Health Pavilion, under the care of Defendant Waid. (Id.) Plaintiff was released after seven days of treatment. (Id.) As part of her admission to the Pavilion, she underwent a drug screen that was negative for illicit drugs. (Id.) She was asked why she contemplated suicide, and she explained about the aforementioned work conditions. (Id.) Upon admission to the Pavilion, Plaintiff completed an OIC-WC1 form; a second form was brought to her by Defendant Stultz who advised Plaintiff she needed to complete another form because Defendant Musick "had her tear up the first one" because Defendant Waid "would not be working there much longer." (Id. at 3.) Plaintiff alleged that as she completed the second OIC-WC1 form, Defendant Stultz asked if she was going to sue her employer. (Id.)

Plaintiff alleged that she had not encountered Defendant Musick, and further alleged that the Discharge Summary and second OIC-WC1 were "replete with false and misleading assertions" that were used to deny her Workers' Compensation claim. (Id.) Plaintiff alleged that she contacted the Internal Affairs Office of Defendant Princeton Community Hospital regarding these documents. (Id. at 4.) Subsequently, Plaintiff alleged that she received a retraction from Defendant Musick: that Plaintiff's drug screen was negative for cocaine; that Defendant Musick could not find any indication in the treatment notes that Plaintiff had used cocaine one week before admission; and that Defendant Waid, the examiner, was no longer employed by Defendant Princeton Community Hospital, and unavailable to address the particular situation. (Id.) Plaintiff

alleged that she received another retraction after she filed another request with the Internal Affairs Office at Defendant Princeton Community Hospital. (Id.) Plaintiff alleged that this retraction was from Defendant Gee, who stated alcohol intoxication medications were ordered but never administered; Plaintiff alleged she had not been diagnosed as alcohol dependent or withdrawing from alcohol. (Id.)

Plaintiff alleged that Defendant Musick "should have reviewed the examiner's, nursing staff, and counselor's notes" before he submitted a "falsified" Discharge Summary and OIC-WC1. (Id. at 5.) Plaintiff alleges that Defendant Musick was aware the documents would be used in court proceedings, because Defendant Stultz "stated . . . that the Plaintiff was suing her [e]mployer." (Id.) Plaintiff alleged that Defendant Gee "was equally as guilty" indicated by "his language in his retraction that he had hoped this would be the last time this Discharge Summary would have to be scrutinized." (Id.) Plaintiff wants another retraction to remove her diagnosis of bi-polar that she believes is unfounded. (Id.)

Plaintiff asserted the following claims or causes of action:

1. Violation of her civil rights under the 8th Amendment to the U.S. Constitution, having been subjected to cruel and unusual punishment by these Defendants (Id. at 5.);

2. Violation of her civil rights to due process and equal protection under the 14th Amendment to the U.S. Constitution (Id.);

3. Libel, slander, defamation of character (Id.);

4. Intentional infliction of emotional distress (Id.);

5. Medical Malpractice (Id.);

6. Negligence (Id.);

7. Deliberate indifference to her serious medical needs (Id.);

8. "Tortious actions against her" (Id.);

9. Violation of her rights to due process of law under the 5th Amendment to the U.S. Constitution (Id. at 6.);

10. Fraud upon the Court (Id.);

11. Violation of Mental Health Bill of Rights (Id.); and

12. False statements implicate the False Claims Act.[2] (Id.)

Plaintiff seeks exemplary damages in the amount of $1,000,000.00 from each Defendant, injunctive relief against Defendants Princeton Community Hospital and Behavioral Health Pavilion to remove all records pertaining to Plaintiff, as well as to provide Plaintiff with "medical/mental care for the remainder of her stay in Virginia". (Id. at 7.)

Defendants[3] assert several grounds in support of their Motion to Dismiss Plaintiff's Complaint:

First, Defendants move to dismiss this action due to insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Document No. 17 at 3.) Individual Defendants Gee, Waid, and Musick argue that Plaintiff failed to properly effect service as set forth in Rule 4(e)(1)-(2) of the Federal Rules of Civil Procedure because Plaintiff sent via certified mail copies of the Summons and Complaint to Defendant Princeton Community Hospital in an effort to serve process.[4] (Id. at 5-6.) The Clerk noted that the return receipt card for each of these

---

[2] Plaintiff asserted that "these false statements (18 U.S.C. § 1001) also implicate the False Claims Act as these mental health practitioners are being paid to make false statements, libelous, and defamatory diagnoses under the guise of providing mental health care."

[3] Not being fully advised of all the circumstances surrounding the allegations contained in Plaintiff's Complaint, Defendants expressly reserve other defenses available under the Federal Rules of Civil Procedure. (Document No. 16 at 2.) The undersigned uses the term "Defendants" in this Proposed Findings and Recommendation to only refer to Defendants Princeton Community Hospital, Behavioral Health Pavilion, Dr. Kerry Musick, Dr. Jeffry T. Gee, and Jenny Stultz; there has been no responsive pleading to the action herein by Defendant Anita Waid – this individual Defendant will be discussed *infra*.

[4] Defendants assert that Rule 4(e) provides that service may be effected by: (1) following any state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where

individual Defendants was signed by "E. Tate". (Document Nos. 12, 13, and 14.) Defendants Gee, Waid, and Musick assert that "E. Tate" is not authorized to accept service on their behalf. (Document No. 17 at 5-6.) Individual Defendant Stultz argues that Plaintiff failed to properly effect service as set forth in Rule 4(e)(1)-(2) of the Federal Rules of Civil Procedure because Plaintiff sent via certified mail copies of the Summons and Complaint to Defendant Princeton Community Hospital[5] in an effort to serve process. (Id. at 6.) Defendant Princeton Community Hospital asserts improper service as set forth in Rule 4(j)(2)(A)[6] of the Federal Rules of Civil Procedure and as set forth in Rule 4(d)(5)(A)[7] of the West Virginia Rules of Civil Procedure, as "E. Tate" is not authorized to accept service on its behalf. (Id. at 7.) Defendant Behavioral Health Pavilion, being wholly-owned and operated by Defendant Princeton Community Hospital, asserts improper service as set forth in Rule 4(j)(2)(A) of the Federal Rules of Civil Procedure and as set forth in Rule 4(d)(5)(A) of the West Virginia Rules of Civil Procedure, as "E. Tate" is not authorized to accept service on its behalf. (Id. at 7-8.)

Second, Defendants move to dismiss Plaintiff's claims concerning their treatment and care of her, specifically, her allegations of "medical malpractice", "negligence", "deliberate indifference to [Plaintiff's] serious medical needs", and "tortious actions against her" contained in

---

service is made; or (2) doing any of the following: (a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

[5] The undersigned notes that Defendant Stultz has asserted that she was improperly served at Princeton Community Hospital and perceives the stated assertion as a typographic error as the return receipt card indicates that this Defendant was actually 'served' at Behavioral Health Pavilion, and signed by "Crystal McKinney". (Document No. 15.) There is no indication in the file record that "Crystal McKinney" is an authorized agent to accept service of process for Defendant Stultz.

[6] Defendants assert that Rule 4(j)(2)(A)-(B) provides that service upon a corporation may be effected by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]

[7] Defendants assert that Rule 4(d)(5)(A) provides that service upon a domestic private corporation may be effected by delivering a copy of the summons and of the complaint to an officer, director, or trustee thereof; or if no such officer, director, or trustee be found, by delivering a copy thereof to any agent of the corporation.

the Complaint because of noncompliance with the mandates of the Medical Professional Liability Act ("MPLA")[8]. (Id. at 8-11.) Defendants contend that these claims fall under the purview of health care, and are therefore governed under the MPLA mandatory prerequisites pursuant to W. Va. Code § 55-7B-6(a)-(b): Plaintiff failed to serve by certified mail, return receipt requested, a Notice of Claim upon these Defendants thirty days prior to the filing of this lawsuit. (Id. at 9.) Additionally, Defendants assert that Plaintiff failed to also serve upon them a Screening Certificate of Merit. (Id.) Because Plaintiff failed to abide by these mandatory provisions, Defendants argue she has thwarted the policy purposes of the MPLA and deprives this Court of jurisdiction over this subject matter. See Miller v. Stone, 607 S.E.2d 485 (W. Va. 2004.) (Id. at 11.)

Third, Defendants Stultz and Gee move to dismiss Plaintiff's Complaint against them due to insufficient pleading of facts pursuant to Rule 8 of the Federal Rules of Civil Procedure and the holdings espoused in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). (Id. at 11-13.) Defendant Gee points out that Plaintiff's only factual allegations against him are that he issued a retraction, presumably from Plaintiff's discharge summary that rendered him "equally as guilty" without further elaboration that is nothing more than the type of "naked assertion" verboten under Twombly. (Id. at 12-13.) Defendant Stultz contends that Plaintiff's allegation that she had Plaintiff complete another OIC-WCI form and inquiry concerning Plaintiff's intent to sue her employer fall short of any reasonable inference of wrongdoing or misconduct allowing for which relief can be granted. (Id. at 13.)

Fourth, Defendants argue dismissal is warranted with regard to Plaintiff's claims pursuant to 42 U.S.C. § 1983, to the Fourteenth Amendment, and to the U.S. Constitution[9], including her

---

[8] W. Va. Code § 55-7B-1 et seq.
[9] Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (Fourteenth Amendment prohibits states from denying federal constitutional rights applies to acts of states, not of private persons or entities); United States v. Price, 383 U.S. 787, 794, n.7 (1966) (Section 1983 cases consistently treated same as state action required under Fourteenth Amendment);

Monell[10] claims because there are no factual allegations or reasonable inferences that can be drawn from her assertions that these Defendants were "state actors" triggering the application of any those provisions. (Id. at 13-15.)

Finally, Defendants argue dismissal is proper with regard to Plaintiff's claims under the Fifth and Eighth Amendments to the U.S. Constitution, the False Claims Act, and the Mental Health Bill of Rights. (Id. at 15-18.) For starters, these Defendants are private citizens and cannot be held liable for Fifth Amendment violations pursuant to Canadian Transp. Co. v. United States, 663 F.2d 1081, 1092 (D.C. Cir. 1980). (Id. at 15.) Plaintiff's allegations of cruel and unusual punishment in violation of her Eighth Amendment rights are also inapplicable because there are no facts alleged that these Defendants are federal or governmental employees or that Plaintiff was subjected to punishment for violation of a criminal statute. (Id. at 15-16.) Defendants also assert that Plaintiff has failed to set forth any allegations that these Defendants knowingly submitted false or fraudulent claims for payment in violation of the False Claims Act, 31 U.S.C. § 3729(a), that Plaintiff neglected to file her Complaint asserting violations to the Act under seal per § 3730(b), and that in asserting such violations, failed to abide by the heightened pleading requirement.[11] (Id. at 16-17.) Lastly, Defendants argue that no federal or state cause of action exists under the "Mental Health Bill of Rights", codified at 42 U.S.C. § 9501[12] or under the Restatement of the Mental

---

Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961) (all that is necessary to determine if an entity is a state actor for due process purposes is to evaluate the nature and extent of state involvement so as to determine if its actions are fairly attributable to the state).

[10] Defendants cite the Supreme Court decision in Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) holding that only local governments, municipal corporations, and school boards may be held liable as state actors; Plaintiff alleges no facts to support any Section 1983 claims against these private individuals or private business entities. (Id. at 15.)

[11] See United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002).

[12] Defendants contend that these are a list of recommendations to states when revisiting their own mental health laws, and that several federal courts have held these statutes create no substantive right of action; the U.S. Supreme Court held that such federal statutes that provide no sanctions for violations of their provisions are "hortatory, not mandatory." Pennhurst State School & Hospital v. Halderman, 451 U.S. 1, 24 (1981).

Health Bill of Rights, 42 U.S.C. § 10841, accordingly, Plaintiff's claims of violations thereunder warrant dismissal. (Id. at 17-18.)

In closing, Defendants request dismissal with prejudice and costs incurred in defending this matter. (Id. at 18.)

In response, Plaintiff concedes that by proceeding *pro se* she did not understand the rules regarding service of process; she contacted the Clerk of the Court "to see what process and service meant" and was directed to send a copy to each Defendant by certified mail. (Document No. 23 at 2.) Plaintiff only knew Defendants' last place of employment was Princeton Community Hospital and Behavioral Health Pavilion. (Id.) Next, Plaintiff contends that she did not file her Complaint under the MPLA, that she filed her "Civil Rights Complaint" alleging libel, slander, defamation of character, and loss of income based on those violations under Section 1983.[13] (Id.) With regard to Defendants' arguments concerning the Eighth Amendment, Plaintiff responds:

> The Defendants attempt to pigeon-hole the 8th Amendment claiming that it only applies to criminal statutes. Nothing could be further from the truth. There have been, as conceded by the Defendants, cases of Cruel and Unusual Punishment outside the prison context. (Id.)

With regard to Defendants Gee and Stultz, Plaintiff asserts that she stated a clear claim against these Defendants, "that all the Defendants, in tandem, did collectively conspire to violate her rights, libel, slander, and defame her character, then bill the Federal Government for the sub-par treatment rendered." (Id. at 3.) With regard to her claim under the False Claims Act, Plaintiff asserts that "there was billing for the services rendered" "that will be ascertained during the discovery process." (Id.) Plaintiff reasserts that she suffered prejudice by the loss of her Workers' Compensation Claim as a result of the false claims of Defendants. (Id.)

---

[13] Plaintiff further alleges that Defendants attempt to "convert" her Complaint into a claim under MPLA to argue that she failed to give proper notice under the MPLA. (Id.)

In reply, Defendants argue that Plaintiff fails to address her insufficient service of process, and instead shifts blame to the Clerk of the Court. (Document No. 25 at 2-3.) Further, Defendants point out that Plaintiff offered no reason why the specific allegations contained in her Complaint concerning medical professional liability would not be governed by the MPLA; moreover, the presence of other causes of action or claims do not remove her claims concerning health care services from the auspices of the MPLA[14]. (Id. at 4.) Defendants agree that Plaintiff, like all U.S. citizens, is entitled to the protections afforded under the Fifth and Eighth Amendments, however, for the reasons stated in their Motion, reassert such claims thereunder are inapplicable to these Defendants. (Id. at 5.) Defendants Gee and Stultz argue that Plaintiff's restating her legal conclusions from her Complaint does not survive their Motion to dismiss for failure to state a claim for which relief may be granted against them. (Id. at 5-6.) Finally, Defendants reassert that Plaintiff's simple allegations of fraud without specifics fails to meet the heightened pleading standard espoused in Rule 9(b) of the Federal Rules of Civil Procedure as discussed in United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002) in prosecuting her claims under the False Claims Act, thus warranting dismissal. (Id. at 6-7.)

Analysis

Constitutional and Section 1983 Claims:

As an initial matter, it is clear from the face of Plaintiff's pleadings there are no factual or reasonable grounds supporting any theory of liability against these Defendants that implicates the protections afforded by the Fifth, Eighth or Fourteenth Amendments to the U.S. Constitution, or that 42 U.S.C. § 1983 claims can be brought against these Defendants. The Fourteenth Amendment

---

[14] Defendants proposed that if Plaintiff stipulated that no medical malpractice claims were pled, they would accept the stipulation and request the Court enter an order summarily dismissing such claims. (Id.) As of the date of this Proposed Findings and Recommendation, Plaintiff has not responded to Defendants offer.

"prohibits the states from denying federal constitutional rights which guarantees due process, applies to acts of the states, not of private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (internal citations omitted). Plaintiff's allegations, even presumed to be true at this stage in the proceedings, against Defendants Musick, Gee and Stultz in their "individual and official capacities" contain no assertion that they were state actors, or that their conduct was attributable to the state. See, e.g., DeBauche v. Trani, 191 F.3d 499 (4th Cir. 1999). This rationale also applies to the two corporate Defendants: Defendant Princeton Community Hospital is not a state entity or actor, this Defendant properly filed a Rule 7.1 Disclosure Statement required under Rule 7.1(a) of the Federal Rules of Civil Procedure of "a nongovernmental corporate party." (Document No. 18.) Defendant Behavioral Health Pavilion is "wholly owned and operated by" Defendant Princeton Community Hospital, and there is no assertion that it operates as a publicly funded or government agency.

Furthermore, Plaintiff's claims of violations of her civil and Constitutional rights sound in private tort causes of action, and/or were expressly pled as such:

> The Plaintiff filed her Civil Rights Complaint alleging libel, slander, defamation of character, and loss of income based upon those violations. (Document No. 23 at 2.)

In short, for the reasons aforesaid, Plaintiff's claims pursuant to civil rights violations under 42 U.S.C. § 1983, and violations of her Fifth, Eighth and Fourteenth Constitutional rights should be dismissed with prejudice.

Mental Health Bill of Rights Claims:

The undersigned agrees with Defendants that no federal or state cause of action exists under the "Mental Health Bill of Rights", 42 U.S.C. § 9501, or under the Restatement of the Mental Health Bill of Rights, 42 U.S.C. § 10841. The undersigned further agrees with Defendants that several federal courts have recognized that these statutes did not create an individual federal right

that can be enforced.[15] Accordingly, Plaintiff's claims alleged in violations of these statutes should be dismissed with prejudice.

Service of Process Implications:

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). From the start, Defendants contested service of process, which shifts the burden to Plaintiff to establish that service of process has been properly effected. See, Ballard v. PNC Fin. Servs. Group, 620 F.Supp.2d 733, 735 (S.D.W.Va. 2009). Notably, Plaintiff conceded "[h]aving no earthly idea what" completing service of process meant, and ostensibly at the direction of the Clerk, sent via certified mail a copy of her Complaint to Defendants at their "last known place of employment." (Document No. 23 at 2.) Clearly, the requirements for service of process on these Defendants were not met pursuant to Rule 4 of the Federal Rules of Civil Procedure.[16]

It has been recognized that *pro se* litigants are accorded more leeway than are those represented by attorneys to correct defects in service of process. Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993). This action was properly filed on August 5, 2016, and service upon these Defendants must be made within ninety days after the filing of the complaint per Rule 4(m) of the Federal Rules of Civil Procedure, November 7, 2016. Though as of the date of these Proposed Findings and Recommendation, Plaintiff does not require an extension of time in order to effect service of process, she may require a brief extension by the Court in order to effect proper service. Plaintiff's concession to being unfamiliar with these Rules

---

[15] Federal statute communicating congressional preference for right to a humane treatment environment affording reasonable protection from harm and appropriate privacy to mental health patients with regard to personal needs did not create an individual federal right that could be enforced in Section 1983 action. Smith v. Au Sable Valley Community Mental Health Services, 431 F.Supp.2d 743 (E.D. Mich. 2006).

[16] See, generally, Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003) ("Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process.")

and having contacted the Clerk of Court for guidance indicates that she attempted service in good faith, albeit incorrectly. See, Chhaparwal v. West Virginia University Hospitals, Inc., 2008 WL 351046, at *2 (N.D.W.Va. Feb. 7, 2008). Plaintiff herself has suggested that the Court direct her to comply with the "Rules of Service". (Document No. 23 at 2.) Therefore, given these circumstances, Plaintiff could[17] be permitted time to serve Defendants in accordance with the Rules of Civil Procedure, of which she has now been apprised as a result of these proceedings.

With regard to Defendant Waid, however, Plaintiff did not demonstrate attempted service in good faith. Indeed, Plaintiff's allegations against Defendant Waid are sparse:

> [O]n March 27, 2015 [Plaintiff] reported to Princeton Community Hospital, Behavioral Health Pavilion, where she was admitted and came under the care of Anita Waid. (Document No. 6 at 2.)
>
> On or about 04/03/2015 . . . Jenny Stultz apologized for needing a second OIC-WC1, but said Dr. Musick had her tear up the first one that was completed because he, (who had never examined, talked to, or treated the Plaintiff) needed to be the one to sign the form since Anita Waid would not be working there much longer. (Id. at 3.)
>
> [Plaintiff's] attempts to secure her Workers' Compensation monies was denied, based upon the false and misleading documents submitted by Anita Waid[.] (Id. at 4.)
>
> [O]n October 20, 2015, the Plaintiff received the following retraction from Dr. Musick:
>
>> The examiner indicated that the patient was positive for cocaine on her drug screen prior to admission to the Behavioral Health Pavilion, however, per review of the laboratory report from Bluefield Regional Medical Center dated 03/30/15 the patient's drug screen was negative for cocaine. I have also reviewed the notes from the nursing staff as well as the counseling staff and I do not find any indication that the patient has made [sic] particular statement that she used cocaine approximately 1 week prior to admission. Anita Waid, the examiner, is no longer employed by Princeton Community Hospital and is not available to be asked about this particular situation. (Id.)

---

[17] Though it appears that Plaintiff attempted to serve Defendants in good faith, allowing additional time to effect proper service of process would be inappropriate in this case due to the reasons articulated *infra*.

12

Plaintiff attempted to serve Defendant Waid at Defendant Princeton Community Hospital via certified mail; the return receipt card was signed by "E. Tate." (Document No. 13.) No responsive pleading has been filed by Defendant Waid, however, Plaintiff was aware that Defendant Waid was no longer an employee of Princeton Community Hospital on October 20, 2015 when she allegedly received the "retraction" from Defendant Musick, about eight months before she filed her Complaint, as noted *supra*. Moreover, Plaintiff was ostensibly aware that Defendant Waid was not going to be employed at Princeton Community Hospital much longer as of April 3, 2015 according to Plaintiff's allegations concerning Defendant Stultz during her Behavioral Health Pavilion hospitalization. Plaintiff's own assertions therefore demonstrate no good cause for her failure to effect service of process on Defendant Waid pursuant to the requirements under Rule 4 of the Federal Rules of Civil Procedure. Further, the absence of any responsive pleading or appearance by this Defendant is indicative that she has no notice of this lawsuit. Accordingly, due to defective service and lack of notice to Defendant Waid, the Court cannot exercise personal jurisdiction over this Defendant and therefore Plaintiff's claims against Defendant Waid should be dismissed without prejudice pursuant to Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

Application of the Medical Professional Liability Act:

As discussed *supra*, Plaintiff has alleged many claims against these Defendants that are governed by the MPLA. Though Plaintiff asserted she instituted this action on the basis of violations of her civil and Constitutional rights, the undersigned agrees with Defendants that Plaintiff's allegations of "medical malpractice", "negligence", "deliberate indifference to her serious medical needs", as well as any claims arising out of "tortious actions against her" that fall under medical care and/or treatment, are properly construed as MPLA claims, no matter how Plaintiff intended to plead her claims. Syl. Pt. 3, Grey v. Mena, 625 S.E.2d 326 (W. Va. 2005);

Blankenship v. Ethicon, Inc., 656 S.E.2d 451, 458 (W. Va. 2007).

Because the MPLA applies to the aforementioned claims, they must be dismissed due to Plaintiff's failure to abide by the strict filing prerequisites promulgated under this Act. S.E.R. Miller v. Stone, 607 S.E.2d 485 (W. Va. 2004). Plaintiff is correct in her assertion that her non-compliance with MPLA notice and screening requirements does not "negate the claims" (Document No. 23 at 2.), nevertheless, dismissal is warranted and should Plaintiff elect to proceed against Defendants in a medical malpractice action, she is now apprised of the MPLA's mandatory prerequisites in order to appropriately prosecute these issues.

FRCP Rule 8:

Generally, when ruling upon a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all well-pleaded material factual allegations. Advanced Health–Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley, 355 U.S. at 45–46 (1957).

In this case, after thorough review of Plaintiff's allegations against the individual Defendants Gee and Stultz, the undersigned agrees with Defendants that Plaintiff failed to sufficiently plead supporting facts or provide any "plausible" allegations of misconduct that would entitle her to relief. Indeed, the undersigned is unable to determine from the sparse facts alleged in her Complaint against these two Defendants how they support her causes of action. Plaintiff's conclusion that Defendant Gee is "guilty" stemming from a retraction he allegedly made is a wholly insufficient "short and plain statement of the claim showing that the pleader is entitled to relief"; and her recitation of facts with reference to Defendant Stultz in having her complete another OIC-WCI form and asking if she was going to sue her employer provides nothing to this Court to infer misconduct. Accordingly, the Motion to Dismiss against Defendants Gee and Stultz should be granted.

False Claims Act:

For the same reasons articulated *supra*, Plaintiffs conclusory allegations that these Defendants submitted false or fraudulent claims to the federal government should be dismissed. There are simply no facts plead with particularity in Plaintiff's Complaint that complies with the heighted pleading requirement in prosecuting such an action. United States ex. rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002).

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **GRANT** the Defendants' Motion to Dismiss. (Document No. 16.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record.

ENTER: January 26, 2017.

Omar J. Aboulhosn
United States Magistrate Judge