IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**ETHELOMA RENEE PERKINS,**

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:16-06736

**PRINCETON COMMUNITY HOSPITAL,**
**et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendations ("PF&R) on January 26, 2017, in which he recommended that the court (1) grant defendants' motion to dismiss.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendations. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Plaintiff filed objections to the PF&R and defendants have responded to those objections. It is worth noting that this court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  With respect to plaintiff's objections, where appropriate, the court has conducted a de novo review.

As Magistrate Judge Aboulhosn noted, plaintiff's complaint arises out of defendants' part in submitting a certain document, an OIC-WC-1, to the West Virginia Workers' Compensation Bureau.  According to plaintiff, the form contained "false and misleading assertions" that caused her claim for workers' compensation benefits to be denied.  Plaintiff asserted the following claims or causes of actions against defendants:

1. Violation of her civil rights under the Eighth Amendment to the U.S. Constitution, having been subjected to cruel and unusual punishment;

2. Violation of her civil rights to due process and equal protection under the Fourteenth Amendment;

3. Libel, slander, and defamation of character;

4. Intentional infliction of emotional distress;

5. Medical malpractice;

6. Negligence;

7. Deliberate indifference to her serious medical needs;

8. "Tortious actions against her";

>    9.   Violation of her rights to due process of law under the Fifth Amendment;
>
>    10.  Fraud upon the court;
>
>    11.  Violation of the Mental Health Bill of Rights; and
>
>    12.  False statements under the False Claims Act.

Defendants moved to dismiss the complaint for a host of reasons.

Plaintiff's objections are largely conclusory and fail to direct the court to a specific error in the PF&R. For example, in her objections, plaintiff

> specifically objects to all paragraphs of the Proposed Findings and Recommendations of the Magistrate Judge as she has stated a valid claim against these individuals and their employer. As has been stated throughout the Complaint, the Office of Internal Affairs was made aware of the actions of the employees of Princeton Community Hospital, and Behavioral Health Pavilion and nothing in the record indicates that any actions has [sic] been taken against the name[d] employees. The Hospital and Pavilion do business in the State of West Virginia and are bound by the laws of this State that prohibit the slanderous, libelous, and defamatory documents submitted to a court of law that deprived the Plaintiff of the income she was entitled to and that was supported by the first OIC-WC1 that was destroyed by Anita Waid, Kerry Musick, and Jenny Stultz.

Objections at p.5. The foregoing objection does not "direct the court to a specific error in the magistrate's proposed findings and recommendations," Orpiano, 687 F.2d at 47, and for this reason, this objection and others like it are **OVERRULED**.

With respect to plaintiff's constitutional and claims under 42 U.S.C. § 1983, Magistrate Judge Aboulhosn concluded that there was "no factual or reasonable grounds supporting any theory of liability against these Defendants."  PF&R at p.9.  As Magistrate Judge Aboulhosn noted, plaintiff does not allege nor is there is any indication that the defendants named herein are state actors.  Nowhere in her objections does plaintiff address this aspect of the PF&R and, therefore, the constitutional and § 1983 claims are hereby **DISMISSED**.

As to plaintiff's claims under the Mental Health Bill of Rights, 42 U.S.C. §§ 9501 and 10841, the magistrate judge agreed with defendants that these statutes did not create a private right of action and that, therefore, those claims should be dismissed.  See, e.g., Green v. Lichtcsien, No. 00 C 0563, 2001 WL 78915, *3 (N.D. Ill. Jan. 26, 2001) (and authorities cited therein).  Once again, plaintiff fails to mention this aspect of the PF&R.  Therefore, these claims are **DISMISSED**.

Magistrate Judge Aboulhosn also found that a number of plaintiff's claims were governed by the Medical Professional Liability Act ("MPLA").  Having so found, he recommended that the court dismiss those claims for failure to comply with the prerequisites to filing a cause of action under the MPLA.  In her objections, plaintiff argues that she "is NOT complaining about

4

the [medical] care she received" and that her "Complaint should not be converted to a MPLA Complaint."  Objections at pp. 2-3. Notwithstanding plaintiff's assertion to the contrary, it is clear that any medical malpractice and/or negligence claim arising out of her medical care would be governed by the MPLA. Accordingly, her objection is **OVERRULED** and those counts are dismissed.  To the extent her claim of "deliberate indifference to her serious medical needs" was not grounded in alleged violations of the United States Constitution and 42 U.S.C. § 1983--which claims have already been dismissed--it is likewise **DISMISSED.**

     With respect to plaintiff's False Claims Act claims, Magistrate Judge Aboulhosn recommended dismissal because those claims did not comply with the heightened pleading requirements governing such claims.  Plaintiff's objections fail to address the deficiencies noted by the magistrate judge with respect to any claim under the False Claims Act and, therefore, those claims are **DISMISSED**.  See United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) ("[A]n FCA plaintiff must, at a minimum, describe the time, place and contents of the false representations, as well as the identity of

5

the person making the misrepresentation and what he obtained thereby.") (internal quotations and citation omitted).[1]

Plaintiff also objects to the recommended dismissal of her complaint for failure to properly serve defendants. In her objections, plaintiff argues that the court should have ordered that service be effected by the United States Marshal Service. However, as far as the court can tell, prior to the filing of her objections, plaintiff never sought to have the U.S. Marshal serve defendants. Pursuant to Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. . . ." On August 5, 2016, Magistrate Judge Aboulhosn granted plaintiff's application to proceed without prepayment of fees and costs. For this reason and because the issue was first raised in plaintiff's objections, the court **RECOMMITS** this matter to Magistrate Judge Aboulhosn for consideration of plaintiff's belated request regarding service by the U.S. Marshal.

---

[1] Plaintiff's complaint also does not specifically mention or otherwise implicate that a false statement was made to the <u>federal</u> government nor does it follow the procedure for filing a qui tam action.

6

Finally, Magistrate Judge Aboulhosn recommended that the court grant defendants' motion to dismiss defendants Gee and Stultz based upon plaintiff's failure to sufficiently plead supporting facts or provide any plausible allegations of misconduct which would entitle her to relief against these defendants. In her objections, plaintiff attempts to provide further facts in support of her causes of action against these defendants. The court recognizes that the proper time for plaintiff to have offered these further facts and/or arguments would have been in responding to the motion to dismiss. However, given these additional allegations, the court **RECOMMITS** this matter to Magistrate Judge Aboulhosn for reconsideration of whether plaintiff's additional allegations against Gee and Stultz are sufficient under Twombly and Iqbal.

Based upon the foregoing, plaintiff's objections are **SUSTAINED** insofar as she argues that the court should order service by the U.S. Marshal and asks for further consideration of her claims against Gee and Stultz. Her objections are **OVERRULED** in all other respects and defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part as stated herein. This matter is **RECOMMITTED** to Magistrate Judge Aboulhosn for the reasons outlined in this Memorandum Opinion and Order.

The Clerk is directed to send copies of this Memorandum Opinion and Order to Magistrate Judge Aboulhosn, counsel of record, and to plaintiff, pro se.

IT IS SO ORDERED this 21st day of July, 2017.

ENTER:

David A. Faber
Senior United States District Judge