IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ETHELOMA RENEE PERKINS,**

      **Plaintiff,**

vs.                                                              **Civil Action No. 1:16-CV-06736**

**PRINCETON COMMUNITY HOSPITAL,
BEHAVIORAL HEALTH PAVILION,
DR. KERRY MUSICK, ANITA WAID,
DR. JEFFRY T. GEE, and
JENNY STULTZ,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter was recommitted to the undersigned by Memorandum and Opinion Order entered on July 21, 2017 for consideration of two objections by Plaintiff the District Court sustained with regard to the following: (1) dismissal of her Complaint for failure to properly serve defendants; and (2) dismissal of her Complaint for failure to sufficiently plead supporting facts or provide any plausible allegations of misconduct which would entitle her to relief against Defendants Gee and Stultz. (Document No. 33.)

## THE STANDARD

As an initial matter, the undersigned recognizes that because Plaintiff applied to proceed without prepayment of the Court's filing fees and costs, her Complaint was subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). The undersigned neglected to abide by the pre-service screening prior to authorizing Plaintiff to proceed *in forma pauperis*, nevertheless, "the court shall dismiss the case

1

*at any time* if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (emphasis added).

On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Plaintiff's Objections:

Plaintiff's first objection concerns the undersigned's finding and recommendation that her complaint be dismissed for improper service of process. (Document No. 31 at 1.)[1] She contends that the Federal Rules of Civil Procedure "contemplate that service will be effectuated by the Marshal's Service." (Id.) Plaintiff's second objection concerns the undersigned's finding and recommendation that her complaint be dismissed as it related to Defendants Gee and Stultz for failure to sufficiently plead supporting facts or provide plausible allegations of misconduct that would entitle her to relief. (Id. at 4.) Plaintiff re-alleges several of the claims against these particular Defendants that she had in her prior pleadings: that Defendant Stultz had Plaintiff complete another OIC-WC1 form; that Defendant Stultz stated to Plaintiff that she heard Plaintiff was going to sue her employer; that Defendant Stultz assisted in the destruction of the first OIC-WC1 form; that Defendant Gee made two retractions in Plaintiff's Discharge Summary signed by Defendant Musick; that Defendant Gee was aware that Defendant Musick unlawfully signed Plaintiff's Discharge Summary that contained false statements; that Defendant Gee did not report this "crime" under 42 U.S.C. § 1986, despite it being "a professional responsibility" to do so; and that Defendant Gee failed to report Defendant Musick's crime, and "is thus complicit in the conspiracy to violate the civil rights of the Plaintiff".[2] (Id. at 4-5.)

In response to Plaintiff's Objections, Defendants assert that Plaintiff's objections with respect to failure to perfect service of process and with respect to Defendants Gee and Stultz are

---

[1] As noted *supra*, the undersigned only addresses those objections sustained by the District Court, as the remaining objections have already been disposed of pursuant to the District Court's order. (Document No. 33.)

[2] On March 21, 2017, Plaintiff filed an "Answer to Response of Defendant's" wherein she briefly repeated a couple of her claims. (Document No. 29.) Relevant to this matter, Plaintiff re-asserted that Defendant Stultz brought her another OIC-WC1 form and "blurted out" that she had heard Plaintiff intended to sue her employer (Plaintiff averred that she "is filing a Title VII complaint" due to harassment and discrimination in the workplace). (Id. at 2.) Plaintiff again alleges that Defendant Gee retracted "the false report submitted by [Defendant Musick]", and that "defendant's in tandem, have conspired to deny her the right to her Workman's Compensation claims". (Id.) Finally, Plaintiff reasserts her objection that she was authorized to proceed *in forma pauperis*, but the Court was to direct the Marshal to properly serve Defendants. (Id. at 4.)

3

too general or conclusory to focus attention on any specific error committed by the Magistrate Judge, therefore the District Court can dispense with a *de novo* review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). (Document No. 32 at 4-7.) Defendants re-assert the arguments made in their Motion to Dismiss and Memorandum of Law in Support thereof as further support for their Response. (Id. at 8-9.)

Analysis

The undersigned's authorization for Plaintiff to proceed *in forma pauperis* thus triggered 28 U.S.C. § 1915(d), which provides that "the officers of the court shall issue and serve all process . . . ." The Court was therefore required to order the service of her Complaint via U.S. marshal or deputy marshal or by a person specially appointed by the Court. Accordingly, Plaintiff's Complaint should not be dismissed for failure to properly serve Defendants. However, because the Court is vested with the authority to dispense of a cause of action "at any time if the court determines that . . . [the case] is frivolous or malicious . . . or fails to state a claim on which relief may be granted", the undersigned **FINDS** that notwithstanding the initial error in failing to perform the pre-service screening requirement, this matter must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The District Court recommitted this matter to the undersigned for consideration of the "additional allegations" against Defendants Stultz and Gee as contained in Plaintiff's Objections and Answer are sufficient under Twombly and Iqbal. (Document Nos. 33 at 7.) Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that the Court must accept as true all well-pleaded material factual allegations. Advanced Health–Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

4

'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley, 355 U.S. at 45–46 (1957).

After thorough review of Plaintiff's "additional allegations" against the individual Defendants Gee and Stultz, the undersigned **FINDS** that Plaintiff failed to sufficiently plead supporting facts or provide any "plausible" allegations of misconduct that would entitle her to relief to survive Twombly and Iqbal.

Plaintiff explained that this case "is about three people conspiring to violate" her rights by "agreeing to tear up the original OIC-WC1 form" and thereby depriving Plaintiff of Workmen's Compensation benefits. (Document No. 31 at 3.) Plaintiff asserted that she "attempted to be brief but concise" with respect to her claims against Defendants Gee and Stultz, and repeated her

5

allegations concerning Defendant Stultz's having her complete another form, and "blurted out" Plaintiff's intention to sue her employer. (Id. at 4.) Plaintiff again makes conclusory statements that the "form had been changed" and that "it was full of slanderous, libelous, and defamatory comments about the Plaintiff." (Id.) Interestingly, Plaintiff states "[a] Doctor who never treated [her] alleged that she was a cocaine and alcohol abuser thus assuring the courts would deny her WC benefits." (Id.) There is nothing in any pleading submitted by Plaintiff that explicitly indicates Defendants Stultz or Gee made the "slanderous libelous, and defamatory comments".

Plaintiff merely concludes Defendant Stultz was a participant in a conspiracy when Defendant Stultz "blurted out" Plaintiff's potential lawsuit against her employer and thereby "let the cat out of the bag" about the "false" statements contained in the second OIC-WC1 form. (Id.) Interestingly, Plaintiff admitted that she "is filing" a Title XVI complaint for workplace discrimination and harassment. (Document No. 29 at 2.) In essence, taking a liberal interpretation of Plaintiff's Complaint indicates that Plaintiff alleges that Defendant Stultz was part of the conspiracy to include false statements in the second OIC-WC1 form to deprive Plaintiff of Workmen's Compensation benefits. Plaintiff's re-recitation of facts she alleged in her initial Complaint in addition to these other allegations still offers nothing for this Court to infer misconduct. Accordingly, the undersigned **FINDS** that Plaintiff's claims against Defendant Stultz should be dismissed with prejudice.

With regard to Defendant Gee, Plaintiff now alleges that he "had a professional responsibility to report Dr. Musick" for the crime of signing a Discharge Summary that "falsely stated that the Plaintiff was treated for alcohol withdrawal." (Id. at 5.) Once again, Plaintiff alleged Defendant made retractions to the Discharge Summary in response to Plaintiff's complaints to Internal Affairs (Id.); Plaintiff has averred that she filed another complaint with Internal Affairs of

6

Behavioral Health Pavillion about the "false Discharge Summary." (Document No. 29 at 3.) Plaintiff has alleged the "second" Discharge Summary was "forged". (Id. at 2.)

There is no additional factual support for Plaintiff's assertion that the second Discharge Summary was "forged". Plaintiff makes a summary conclusion that Defendant Gee had a professional responsibility to report Dr. Musick because he committed a crime and therefore, his failure to report rises to an action under 42 U.S.C. § 1986.[3] The failure to report action under Section 1986 pertains to actions or conduct described under 42 U.S.C. § 1985, which concerns conspiracies to interfere with an individual's civil rights.[4] Plaintiff has not alleged any additional

---

[3] This statute provides that:
> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

[4] This statute provides the following instances of conspiracy:
> (1) Preventing officer from performing duties
>
> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;
>
> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
> (3) Depriving persons of rights or privileges

7

facts to substantiate any of the claims in accord with the aforementioned statutory authority. The only "crime" the undersigned can glean from Plaintiff's allegations with respect to Dr. Musick is that she made false statements in an OIC-WC1 form that ultimately caused Plaintiff to lose potential Workmen's Compensation benefits. This alleged misconduct is not one of the enumerated instances of conspiracy featured under 42 U.S.C. § 1985.

In accordance with the District Court's prior dismissal of Plaintiff's Section 1983 claims, the undersigned **FINDS** that Plaintiff's failure to allege any additional factual or reasonable grounds that Defendant Gee is or was a State actor, the claim against Defendant Gee for allegedly failing to report under 42 U.S.C. § 1986, and "thus complicit in the conspiracy to violate the civil rights of the Plaintiff to seek and enjoy life, liberty, and the pursuit of happiness (property)" should be dismissed with prejudice. (Document No. 31 at 5.)

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings in accordance with the District Court's order recommitting these remaining issues to the undersigned, and **RECOMMENDED** that the District Court **GRANT** the Defendants' Motion to Dismiss with respect to the remaining issues herein. (Document No. 16.)

---

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record.

ENTER: July 31, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge