```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**ETHELOMA RENEE PERKINS,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 1:16-06736**

**PRINCETON COMMUNITY HOSPITAL,**
**et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendations ("PF&R) on January 26, 2017, in which he recommended that the court grant defendants' motion to dismiss. Plaintiff filed objections to that PF&R. By Memorandum Opinion and Order entered on July 21, 2017, the court sustained plaintiff's objections insofar as she argued that the court should order service by the U.S. Marshal and asked for further consideration of her claims against Gee and Stultz. To that end, the court ordered the matter recommitted to Magistrate Judge Aboulhosn for consideration of those two issues. Plaintiff's objections were overruled in all other respects and defendants' motion to dismiss was granted in part and denied in part.

Magistrate Judge Aboulhosn submitted his second PF&R to the court on July 31, 2017, in which he recommended that the court grant defendants' motion to dismiss in all remaining aspects. Plaintiff filed objections on August 15, 2017,[1] and defendants responded to those objections on August 22, 2017.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendations. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). It is worth noting that this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). With respect to plaintiff's objections, where appropriate, the court has conducted a de novo review.

Plaintiff's complaint arises out of defendants' part in submitting a certain document, an OIC-WC-1, to the West Virginia Workers' Compensation Bureau. According to plaintiff, she became

---

[1] Plaintiff's motion for an extension of time to file objections (ECF No. 35) is hereby **GRANTED** and the objections are deemed to be timely filed.

2

suicidal and, on or about March 27, 2015, she was admitted to the Princeton Community Hospital, Behavioral Health Pavilion ("BHP"), for approximately seven days. See ECF No. 2 at p.2. While a patient, plaintiff was under the care of Anita Waid. See id. Upon admission to the BHP, plaintiff alleges that she filled out an OIC-WCI for Worker's Compensation. Thereafter, on or about April 3, 2015, Jenny Stultz, a receptionist, brought plaintiff a second OIC-WCI, explaining that the first one was destroyed because it had been signed by Anita Waid who would not be working there much longer. See id. at p.3. According to plaintiff, Stultz told her that Dr. Kerry Musick needed to be the one to sign the form. See id. Stultz allegedly also told Perkins "so you're going to sue your Employer." Id. The second form was signed by Dr. Musick who, according to plaintiff, never examined or treated her. See id.

Plaintiff alleges that the second OCI-WCI and her discharge summary were "replete with false and misleading assertions." that caused her claim for workers' compensation benefits to be denied. Id. After plaintiff complained, on or about October 19, 2015, Dr. Musick submitted an addendum to the discharge summary retracting the assertions that plaintiff had tested positive for cocaine on a drug screen and that she had admitted to cocaine use approximately one week prior to admission. See id. at p.4. On or about March 2016, Dr. Jeffrey

T. Gee, the medical director at BHP, issued another addendum which, in essence, stated that the discharge summary overstated her issues with alcohol abuse.  See ECF No. 3.

Named as defendants in this lawsuit are: Princeton Community Hospital, Behavioral Health Pavillion, Dr. Musick, Anita Waid, Dr. Gee, and Jenny Stultz.  Plaintiff asserted the following claims or causes of actions against defendants:

1. Violation of her civil rights under the Eighth Amendment to the U.S. Constitution, having been subjected to cruel and unusual punishment;

2. Violation of her civil rights to due process and equal protection under the Fourteenth Amendment;

3. Libel, slander, and defamation of character;

4. Intentional infliction of emotional distress;

5. Medical malpractice;

6. Negligence;

7. Deliberate indifference to her serious medical needs;

8. "Tortious actions against her";

9. Violation of her rights to due process of law under the Fifth Amendment;

10. Fraud upon the court;

11. Violation of the Mental Health Bill of Rights; and

12. False statements under the False Claims Act.

Defendants moved to dismiss the complaint for a host of reasons and, with the exceptions noted above, that motion was largely granted.

With respect to the directive that he consider plaintiff's belated request for service by the U.S. Marshal, Magistrate Judge Aboulhosn noted that he had failed to screen plaintiff's complaint, pursuant to 28 U.S.C. § 1915. See PF&R at p.1 (ECF No. 34). He further acknowledged that, having granted plaintiff's application to proceed in forma pauperis, he should have ordered the U.S. Marshal to serve her complaint and, therefore, the recommended dismissal for failure to properly serve defendants was erroneous. See id. at p.4. However, the magistrate judge noted that, pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious. . . [or] fails to state a claim on which relief may be granted." See id. Therefore, after considering the additional allegations against defendants Gee and Stultz, the magistrate judge recommended dismissal of the complaint because plaintiff "failed to sufficiently plead supporting facts or any `plausible' allegations of misconduct that would entitle her to relief to survive Twombly and Iqbal." See id. at p.5.

Plaintiff objects to the recommended dismissal of her complaint. However, upon review of the record, the court agrees

with Magistrate Judge Aboulhosn that plaintiff has failed to state a claim on which relief may be granted.

Viewing plaintiff's claims against Jenny Stultz liberally, she appears to argue, in wholly conclusory fashion, that Stultz conspired with the other individual defendants to make the slanderous, libelous, and defamatory statements contained in the discharge summary. However, there are no <u>facts</u> supporting plaintiff's argument.[2] Indeed, there is nothing in any of plaintiff's filings from which the court can infer any actionable misconduct on the part of defendant Stultz.[3]

With respect to Dr. Gee, the allegations likewise do not state a claim upon which relief can be granted. According to Perkins, Dr. Musick filled out an erroneous discharge summary. After she complained, Dr. Musick filed an addendum to that discharge summary to correct the information with respect to

---

[2] For example, plaintiff states: "It should be noted that Jenny Stultz knew this second summary was false, misleading, and contained the complained of language as she brought out BOTH forms)." Objections at p. 2. (ECF No. 36). However, this is exactly the type of conclusory allegation that fails to satisfy <u>Twombly</u> and <u>Iqbal</u>. Even if the court can infer that Stultz read the discharge summaries, plaintiff fails to explain how, as a receptionist, Jenny Stultz should have known or was charged with knowing exactly what medical care plaintiff received and which version of the discharge summary was correct. In other words, her claims as to Stultz are simply implausible.

[3] Furthermore, any claims for slander, libel, and defamation as to the discharge summary are likely barred by the one-year statute of limitations applicable to such claims. <u>See</u> W. Va. Code § 55-2-12(c).

cocaine usage.  After further complaints, Dr. Gee filed a second addendum.  According to plaintiff, Dr. Gee's wrongdoing amounts to not amending the discharge summary in a greater fashion and his failure to "report" Dr. Musick for signing a false discharge summary.  Perkins alleges that Dr. Gee's conduct is a violation of 42 U.S.C. § 1986.  42 U.S.C. § 1986 authorizes a remedy against <u>state actors</u> who have negligently failed to prevent a conspiracy that would be actionable under Section 1985.  However, as the Memorandum Opinion and Order of July 21, 2017, pointed out: there is no "indication that the defendants named herein are state actors."  ECF No. 33 at p.4.  Simply put, plaintiff has failed to sufficiently plead supporting facts or provide any plausible allegations of misconduct which would entitle her to relief against Dr. Gee.

Based upon the foregoing, plaintiff's objections are **OVERRULED** and defendants' motion to dismiss is **GRANTED**.[4]

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record, and to plaintiff, pro se.

IT IS SO ORDERED this 6th day of March, 2018.

ENTER: David A. Faber
Senior United States District Judge

---

[4] Insofar as plaintiff's objections seek to reargue issues decided by the court's earlier Memorandum Opinion and Order, those objections are **OVERRULED**.